MALONE *v.* NEWHOUSE.

1. LANDLORD AND TENANT—REPLEVIN—KIND OF TENANCY IMMATERIAL ON ISSUE AS TO WHETHER LEASE WAS SURRENDERED AND ACCEPTED.

 Where, in replevin for wheat, issue was as to whether defendants had terminated their lease by surrender, kind of tenancy under which they held was immaterial, since, whatever it might be called, it could be terminated by surrender and acceptance, and statutory notice was unnecessary.

On right as between tenant at will and landlord to crops, see annotation in 41 L. R. A. (N. S.) 404.

2. SAME—WHERE TESTIMONY IN CONFLICT DIRECTED VERDICT PROPERLY DENIED.

> Where, in replevin for wheat, rights of parties depended on whether defendants had surrendered their lease, on which issue testimony was much in conflict, court properly declined to direct verdict or to enter judgment for defendants notwithstanding verdict for plaintiffs.

3. SAME—TRIAL—INSTRUCTIONS.

> Instruction by trial court that tenants had no rights on place after expiration of year, that they had no right to go back there to get wheat or anything else, and that wheat didn't belong to them, where made in connection with explanation of their rights if their lease was terminated, was correct statement of law.

4. APPEAL AND ERROR—INSTRUCTIONS—CHARGE CONSIDERED IN ENTIRETY.

> Supreme Court may not consider isolated portions of charge apart from context, but charge must be read in its entirety.

Error to Kalamazoo; Weimer (George V.), J. Submitted October 8, 1929. (Docket No. 1, Calendar No. 34,031.) Decided December 3, 1929.

Replevin by Stella and Thomas M. Malone against Charles and Peter Newhouse for the possession of certain wheat. From a verdict and judgment for plaintiffs, defendants bring error. Affirmed.

*Adams & Van Horn* (*Lynn B. Mason,* of counsel), for plaintiffs

*Frost & Frost,* for defendants.

McDONALD, J. This is an action of replevin brought to recover a quantity of wheat in the straw which had been taken from the plaintiffs' farm in Kalamazoo county, Michigan. On March 1, 1924, the defendants went on the farm as tenants under an oral lease for one year. In 1925, the lease was

renewed. In the fall of that year they sowed ten acres to wheat. In the following spring they moved off the place onto a farm which they had purchased. The plaintiffs harvested the wheat and stacked it in the field. The defendants removed it, and possession was retaken under this writ of replevin. The plaintiffs base their right to ownership and possession on the claim that the lease was surrendered and the surrender accepted by them in March, 1926. The defendants deny that there was a surrender of the lease, but base their rights on the claim that their tenancy was from year to year or a tenancy at will, which could not be terminated except by three months' notice, and that such notice was not given by either party. At the close of the proofs, the defendants moved for a directed verdict. The motion was taken under advisement until after verdict and the issue was submitted to the jury on the theory of surrender and acceptance. A verdict was returned for the plaintiffs. On this verdict judgment was entered after denial of a motion for judgment *non obstante veredicto*. The defendants have brought error.

The assignments of error relate to the refusal of the court to direct a verdict for the defendants or to enter judgment *non obstante veredicto* and to his instructions to the jury. The court did not err in refusing to direct a verdict.

The theory of the defendants, that they were entitled to a directed verdict on the ground that their tenancy was at will and was not terminated by the notice required by statute (3 Comp. Laws 1915, § 11812), is not tenable. The kind of tenancy is immaterial, for, whatever it might be called, it could be terminated by surrender and acceptance. Whether it was so terminated is the issue on which the rights of the respective parties must depend. If the lease

was surrendered, the wheat stayed with the land and belonged to the plaintiffs. If it was not surrendered, the wheat belonged to the defendants. On this issue the testimony was much in conflict, and the court properly declined to direct a verdict or to enter judgment for the defendants notwithstanding the verdict.

Did the court err in his charge to the jury?

In their brief the defendants say:

"The whole charge of the court was misleading, ambiguous, inconsistent and not based upon the evidence in the case. Under the instructions of the court the jury could do nothing else if they followed the court's instructions than just what they did do."

Illustrative of this general statement, it is said that there was error in charging the jury as follows:

"That the defendants had no rights on the place after the expiration of the year; that they had no right to go back there to get the wheat or anything else; that the wheat didn't belong to them."

When the court made this statement to the jury, he was explaining the rights of the parties if the lease was terminated. This will appear by reading what immediately preceded it. In that connection it was a correct statement of the law.

In regard to other portions of the charge of which complaint is made, we do not deem it necessary to discuss them. They are not erroneous. It may be said of most of them that they are taken out of their setting by defendants, and do not appear as they would appear if read in connection with all the court said on that subject. In considering isolated portions of a charge, we must read it in its entirety. Many of the objections to the charge as misleading and not based on the evidence are due to the theory of defendants that the jury should have been in-

structed that the plaintiffs could not recover because the tenancy was a tenancy at will and was not terminated by the statutory notice. If this were the correct theory, the court was wrong in his instructions to the jury. It was not correct. On this record there was either a surrender of the lease or no surrender. If there was a surrender, the plaintiffs were entitled to the wheat. If there was no surrender, the defendants were entitled to it. That was the issue which was submitted to the jury in a charge which we regard as very clear in its statement of the facts and applicable law. We find no error.

The judgment is affirmed, with costs to the plaintiffs.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, and POTTER, JJ., concurred. SHARPE, J., did not sit.